**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1376**
_____

LYNNETTE COLE,

                Plaintiff – Appellant,

      v.

CHARLOTTE MECKLENBURG SCHOOL DISTRICT,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. David C. Keesler, Magistrate Judge. (3:13-cv-00057-DCK)

_____

Submitted: September 15, 2014    Decided: September 24, 2014

_____

Before GREGORY, DUNCAN, and FLOYD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Lynnette Cole, Appellant Pro Se. Margaret Mary Manos, CHARLOTTE-MECKLENBURG GOVERNMENT CENTER, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lynnette Cole appeals the magistrate judge's order granting the Defendant's motion for summary judgment on her failure to accommodate claim under the Americans with Disabilities Act. On appeal, she contends that the magistrate judge erred in granting summary judgment to the Defendant based on the evidence. We affirm.

We review the grant of summary judgment de novo, applying the same legal standards as the magistrate judge and viewing the evidence in the light most favorable to the nonmoving party. Martin v. Lloyd, 700 F.3d 132, 135 (4th Cir. 2012). A court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted). "The nonmoving party cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another," Othentec Ltd. v. Phelan, 526 F.3d 135, 140 (4th Cir. 2008) (citation and internal

2

quotation omitted), and she cannot defeat summary judgment with merely a scintilla of evidence, <u>Am. Arms Int'l v. Herbert</u>, 563 F.3d 78, 82 (4th Cir. 2009).  Rather, she must produce evidence "upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." <u>Othentec Ltd.</u>, 526 F.3d at 140 (citations and internal quotation marks omitted).

We have reviewed the record and the parties' briefs, and we conclude that the magistrate judge did not err in granting summary judgment to the Defendant.

Accordingly, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3